# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

TIFFANY O'LEARY,

        Plaintiff,

    v.

COUNTY OF SALEM
CORRECTIONAL FACILITY AND
SHERIFFS OFFICE) and ROWAN
COLLEGE AT GLOUCESTER COUNTY
GLOUCESTER COUNTY POLICE
ACADEMY,

        Defendants.

1:15-cv-03862-NLH-AMD

**OPINION**

---

**APPEARANCES**:

SARAH F. MEIL
4839 WALTON AVE.
PHILADELPHIA, PA 19143
    On behalf of Plaintiff

THOMAS J. WAGNER
AMY L. WYNKOOP
LAW OFFICES OF THOMAS J. WAGNER
8 PENN CENTER - 6TH FLOOR
1628 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19103
    On behalf of Defendant County of Salem

CHRISTINE P. O'HEARN
CHRISTOPHER ALBERT REESE
BROWN & CONNERY, LLP
360 HADDON AVENUE
PO BOX 539
WESTMONT, NJ 08108
    On behalf of Defendant Rowan College at Gloucester County
    Gloucester County Police Academy

**HILLMAN**, District Judge

    This case concerns claims by Plaintiff, Tiffany O'Leary,

against Defendants the County of Salem and Rowan College at Gloucester County Gloucester County Police Academy ("RCGC") for discrimination based on sex, disability, and whistleblowing activity. Plaintiff worked as a Corrections Officer at Salem County Correctional Facility ("SCCF"), and after several years in that position, Plaintiff's employment with Salem County changed from a corrections officer to a Salem County Sheriff's Officer Recruit. She left her position at SCCF and began attending the RCGC. Ultimately she was dismissed from the police academy. As a result, she could not become a Sheriff's Officer and SCCF denied Plaintiff's request to return to her position as a corrections officer.

Plaintiff filed the instant suit against Salem County and RCGC alleging numerous violations of her rights under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New Jersey Contentious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 et seq.[1] Salem County and RCGC moved for summary judgment, and the Court granted in

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims arising under federal law. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

part and denied in part their motions.  (Docket No. 86, 87.)

Salem County has moved for reconsideration of the Court's decision on three points.  First, Salem County argues that the Court erroneously permitted a hostile work environment claim under the NJLAD to proceed against it, separate from Plaintiff's hostile work environment under Title VII, even though Plaintiff does not assert that specific claim in her complaint.  Second, Salem County argues that the Court did not consider its exhaustion of administrative remedies argument relative to the Title VII hostile work environment claim against the Sheriff's Office.  Third, Salem County argues that the Order accompanying the Opinion should be amended to reflect Plaintiff's concession that her retaliation claims under the NJLAD should be dismissed.

In opposition to Salem County's motion, Plaintiff argues that all the parties considered a hostile work environment claim under the NJLAD to be in the case during the entire course of discovery, and that Salem County moved for summary judgment on that claim, never contending that it was not pleaded in Plaintiff's complaint.  Plaintiff further argues that her complaint can easily be read to plead such a claim, and if more particularity is needed, she should be granted leave to amend

her complaint to specify that claim.[2]  Plaintiff also argues that she satisfied her exhaustion of administrative remedies for her Title VII claim.  With regard to Salem County's request to amend the Order, Plaintiff does not object.

A motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Id.  A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d

---

[2] To that end, Plaintiff has filed a cross-motion for leave to file an amended complaint.  (Docket No. 101.)

349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 F. App'x 251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'").

The Court will address Salem County's arguments in turn.

(1) *Whether the Court erroneously permitted a hostile work environment claim under the NJLAD to proceed against Salem County.*

Salem County's moving brief in support of its motion for summary judgment argued that Plaintiff's evidence failed to support a hostile work environment claim against SCCF and the Sheriff's Office. Neither the brief's opening "statement of question presented" nor its argument section distinguished claims brought under the NJLAD and Title VII. (Docket No. 64 at 24, 32-33.) Plaintiff's opposition brief argued that both her NJLAD and Title VII hostile work environment claims should be permitted to proceed, and she set forth the standards for both claims. (Docket No. 73 at 34-35.) Salem County's reply brief

again did not distinguish between the two claims and did not specifically object to Plaintiff's assertion of both claims, arguing instead (citing mostly to cases involving the NJLAD) for summary judgment on Plaintiff's hostile work environment claims in general.  (Docket No. 8 at 8-9.)

Because the parties presented to the Court arguments for and against the viability of hostile work environment claims under Title VII and the NLJAD, it is evident they both considered a hostile work environment claim under the NJLAD to be a part of Plaintiff's complaint.  To the extent that Salem County has changed its previous point of view by discovering after the fact that Plaintiff's complaint does not specifically aver a violation of the NJLAD for hostile work environment, the Court finds, consistent with the parties' conduct up until the date the Court issued its Opinion, that such a claim can be fairly construed from Plaintiff's complaint and remains viable.

Because the complaint is the blueprint of the case, the Court will grant Plaintiff's request to amend her complaint to assert a specific count as to Salem County's alleged violation of the NJLAD for fostering a hostile work environment.[3]  <u>See</u> Fed.

---

[3] Plaintiff's second amended complaint is 27 pages and asserts 24 counts.  (Docket No. 4.)  Salem County argues such a comprehensive complaint evidences that Plaintiff intentionally omitted a hostile work environment claim under NJLAD.  Because the allegations in the complaint assert facts to support a hostile work environment, and Plaintiff asserts a hostile work

R. Civ. P. 15(a)(2) (providing that the Court "should freely

give leave" to a plaintiff to file an amended complaint "when

justice so requires").  Amendment is proper under these

circumstances because there is no undue delay, bad faith,

dilatory motive, unfair prejudice, or futility of amendment.

See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.

2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962))

(directing that an amendment must be permitted in the absence of

these five considerations).[4]

---

environment claim under Title VII, along with 23 other claims
including numerous under the NLJAD, the Court considers the
omission a likely oversight.

[4] If Salem County waited to make this argument at trial rather
than through a motion for reconsideration, and Plaintiff had
presented her evidence in support of her NJLAD hostile work
environment claim, Fed. R. Civ. P. 15(b) would provide the same
result.  See Fed. R. Civ. P. 15(b)(1) ("If, at trial, a party
objects that evidence is not within the issues raised in the
pleadings, the court may permit the pleadings to be amended. The
court should freely permit an amendment when doing so will aid
in presenting the merits and the objecting party fails to
satisfy the court that the evidence would prejudice that party's
action or defense on the merits."); Fed. R. Civ. P. 15(b)(2)
("When an issue not raised by the pleadings is tried by the
parties' express or implied consent, it must be treated in all
respects as if raised in the pleadings. A party may move—at any
time, even after judgment—to amend the pleadings to conform them
to the evidence and to raise an unpleaded issue. But failure to
amend does not affect the result of the trial of that issue.").
Moreover, the proof and standards for both claims are
functionally the same.  See Moody v. Atlantic City Board of
Education, 870 F.3d 206 (3d Cir. 2017) (citing Meritor Sav.
Bank, FSB v. Vinson, 477 U.S. 57, 65-66 (1986); Lehmann v. Toys
'R' Us, Inc., 626 A.2d 445, 452 (N.J. 1993) (explaining that the
New Jersey Supreme Court "has frequently looked to federal

Consequently, the Court will permit Plaintiff's NJLAD hostile work environment claim to proceed against Salem County, as it did so in the Opinion, and Plaintiff shall file a third amended complaint to specifically list that claim.

> (2) *Whether the Court erred by not dismissing Plaintiff's Title VII hostile work environment claim for her failure to exhaust her administrative remedies.*

Salem County argues that the Court did not address Plaintiff's lack of opposition to its argument that Plaintiff's EEOC charge did not contain any Title VII hostile work environment allegations against the Sheriff's Office, separate from her allegations against SCCF, and it therefore is barred.

As pointed about by Plaintiff, the Sheriff's Office and SCCF are not separate defendants - rather, they are essentially subparts of one defendant - Salem County.[5]   Plaintiff's EEOC charge is directed to "Salem County (Sheriff's Office)," the box

---

precedent governing Title VII" to interpret and apply the NJLAD)).

[5] In response to Salem County's argument that some of Plaintiff's claims were time barred because of her change in employment from the SCCF and Sheriff's Office, the Court noted in the Opinion, "Salem County does not offer evidence to refute Plaintiff's contention that she remained a Salem County employee from November 2010 through June 12, 2014, even though she switched positions within two different County organizations." (Docket NO. 86 at 6 n.3.)  Even though Plaintiff is suing her employer – Salem County – at trial Plaintiff will be obligated to present evidence of the specific actions of SCCF and the Sheriff's Office to prove her claims.

for "sex" is checked for "cause of discrimination," she relates some of what she claimed occurred at SCCF and the Sheriff's Office, and she states that she feels she was terminated based on sex and sex discrimination.  (Docket No. 64-5 at 2.)

In the Opinion, the Court set forth the standard for construing a EEOC complaint, and noted that the relevant test in determining whether a plaintiff has exhausted her administrative remedies, is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."  (Docket No. 86 at 8.)  The Court further noted that a plaintiff's suit will not be barred for failure to exhaust administrative remedies if the "core grievances" in the Title VII suit filed and the earlier EEOC complaint are the same.  (Id. at 9.)

The Court then found that the "core grievance" of Plaintiff's charge concerned what occurred upon her transfer to the Sheriff's Office, and determined that Plaintiff could not maintain a Title VII retaliation claim against Salem County specifically concerning her whistleblowing activity.  (Id. at 10)  The Court continued, however, by finding that "[t]his discrete carve out of Plaintiff's claims against Salem County does not affect substantively the analysis of the remainder of Plaintiff's claims against Salem County," and the Court went on to discuss Plaintiff's claims against Salem County under CEPA

9

for retaliation for her whistleblowing, and her claims against Salem County under the NJLAD and Title VII for sex discrimination and harassment while she served as a corrections officer and at the Sheriff's Office. All of the claims were permitted to proceed past summary judgment. (<u>Id.</u>) Implicit in this finding is that other than Plaintiff's retaliation claim, Plaintiff's EEOC charge was sufficient to maintain her other claims, including for sexual harassment. The fact that Plaintiff did not use the term of art "hostile work environment" does not change the content of her core grievances in the EEOC charge. Consequently, the Court does not find that reconsideration on this issue is warranted.

(3) *Whether the Order should be amended*

The Court noted in the Opinion:

> A plaintiff may not maintain a claim for retaliation for a CEPA protected activity in tandem with a retaliation claim under the NJLAD. <u>See</u> N.J.S.A. 34:19-8 (providing that when a plaintiff files an action under CEPA, other state law retaliation claims are waived). Plaintiff recognizes CEPA's waiver position, and clarifies that she is not asserting a claim for retaliation under the NJLAD.

(Docket No. 86 at 10 n.4.)

Salem County points out that this finding was not accounted for in the Court's Order, and it requests that the Court enter an amended order. Plaintiff does not object. The Court will therefore file an amended Order to reflect this issue.

**CONCLUSION**

For the reasons expressed above, the Court will grant Salem County's request to reconsider the Opinion and Order resolving its summary judgment motion, but the Court does not find that reconsideration is warranted on the issue of permitting a hostile work environment claim under the NJLAD to proceed against it, or on the issue of the exhaustion of administrative remedies argument relative to Plaintiff's Title VII hostile work environment claim against the Sheriff's Office. The Court will file an amended Order to reflect the dismissal of Plaintiff's retaliation claims under the NJLAD. Plaintiff's motion for leave to file a third amended complaint to aver precisely a claim for hostile work environment under the NJLAD against Salem County will be granted.[6]

An appropriate Order will be entered.


Date: __April 25, 2018__          ___s/ Noel L. Hillman__
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[6] Plaintiff's third amended complaint should reflect all the findings made by this Court in this decision and its summary judgment Opinion, in addition to any other relevant developments that may have affected her claims since the filing of her second amended complaint.