```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

 TIFFANY O'LEARY,                    1:15-cv-03862-NLH-AMD

         Plaintiff,          **OPINION**

     v.

 COUNTY OF SALEM
 CORRECTIONAL FACILITY AND
 SHERIFFS OFFICE) and ROWAN
 COLLEGE AT GLOUCESTER COUNTY
 GLOUCESTER COUNTY POLICE
 ACADEMY,

         Defendants.

**APPEARANCES:**

SARAH F. MEIL
4839 WALTON AVE.
PHILADELPHIA, PA 19143
    On behalf of Plaintiff

THOMAS J. WAGNER
AMY L. WYNKOOP
LAW OFFICES OF THOMAS J. WAGNER
8 PENN CENTER - 6TH FLOOR
1628 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19103
    On behalf of Defendant County of Salem

CHRISTINE P. O'HEARN
CHRISTOPHER ALBERT REESE
BROWN & CONNERY, LLP
360 HADDON AVENUE
PO BOX 539
WESTMONT, NJ 08108
    On behalf of Defendant Rowan College at Gloucester County
    Gloucester County Police Academy

**HILLMAN**, District Judge

   Presently before the Court is the motion of Defendant Rowan

College at Gloucester County Gloucester County Police Academy ("RCGC") pursuant to Federal Civil Procedure Rule 42(b) to sever the trial in this case, which concerns claims by Plaintiff, Tiffany O'Leary, against RCGC and Defendant the County of Salem for discrimination based on sex, disability, and whistleblowing activity.

Plaintiff worked as a corrections officer at Salem County Correctional Facility ("SCCF"), and after several years in that position, Plaintiff's employment with Salem County changed from a corrections officer to a Salem County Sheriff's Officer recruit. She left her position at SCCF and began attending the RCGC. Plaintiff was dismissed from the police academy and claims that RCGC violated her rights under Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 et seq. during her time there. Plaintiff also claims that while she was employed by Salem County at SCCF and as a Salem County Sheriff's Office recruit, Salem County violated her rights under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New Jersey Contentious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 et seq.

RCGC argues that Plaintiff's sole remaining claim against it is for disability discrimination under the ADA, which occurred while Plaintiff was attending the police academy, and

2

that claim is separate and distinct from her claims against Salem County for sex discrimination and whistleblowing, which occurred while she was a corrections officer at SCCF and after she was discharged from the police academy. RCGC argues that trying Plaintiff's claims against RCGC and Salem County in one trial would prolong the trial, prejudice RCGC by requiring it to incur substantial defense costs during long periods when the trial focused on the claims against Salem County, and further prejudice RCGC by a jury being swayed by spillover "guilt by association" evidence against Salem County.

Salem County has opposed RCGC's motion,[1] arguing that Plaintiff's claims overlap, separate trials would be duplicative and a waste of judicial resources, both Salem County and RCGC share the same economic expert, and having separate trials would actually prejudice Salem County rather than the other way around.

Rule 42(b) provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). The district court is given broad

---

[1] Plaintiff filed a letter stating that she does not oppose RCGC's motion. (Docket No. 102.)

discretion in reaching its decision whether to order separate trials.  Thabault v. Chait, 541 F.3d 512, 529 (3d Cir. 2008). "The party seeking bifurcation has the burden of showing that bifurcation is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties."  Raritan Baykeeper, Inc. v. NL Industries, Inc., 2014 WL 4854581, at *3 (D.N.J. 2014) (quoting Miller v. New Jersey Transit Rail Operations, 160 F.R.D. 37, 40 (D.N.J. 1995) (citation omitted)).

The Court agrees with Salem County, and its reasons for opposing RCGC's motion, that conducting separate trials would not be convenient or expedite and economize the parties' and judicial resources.  Even though Plaintiff's claims against RCGC concern disability discrimination while she was attending the police academy, and Plaintiff's claims against Salem County involve sex discrimination and whistleblowing activity while she was a corrections officer at SCCF, the facts to support Plaintiff's claims are more of a cumulative series of events rather than two distinct and unrelated periods of employment. Plaintiff remained an employee of Salem County during her time at the police academy, and the evidence shows that the police academy staff communicated with Salem County staff about Plaintiff.

The Court recognizes that some evidence relevant to

Plaintiff's claims against Salem County will not be relevant to her claims against RCGC and vice-versa, but the majority of the evidence and testimony, including a shared expert, will be relevant to both.  Holding two separate trials in this case would waste more resources than preserve them.

With regard to RCGC's argument about how Plaintiff's proofs against Salem County may spillover and prejudice how a jury views Plaintiff's proofs against RCGC, the Court does not find this concern compelling, and nothing that carefully crafted jury interrogatories and instructions, both during and after trial, cannot cure.  See, e.g., U.S. v. Riley, 621 F.3d 312, 335 (3d Cir. 2010) (finding that "any prejudice that might have resulted from the joint trial was easily cured by the District Court's jury instructions"); Bavendam v. Pearson Educ., Inc., 2013 WL 5530008, at *3 (D.N.J. 2013) (denying defendant's motion for separate trials and rejecting defendant's argument that a joint trial will cause it prejudice, finding a limiting instruction would properly cover this issue at trial).

Consequently, the Court will deny RCGC's motion for separate trials.  An appropriate Order will be entered.

Date: May 9, 2018                      s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.